UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL CAMPANA,                    )
                                    )
            Plaintiff,              )
    vs.                             )   No. 2:10-cv-123-JMS-WGH
                                    )
C.O. MR. VINCENT, et al.,           )
                                    )
            Defendants.             )

**Entry Discussing Motion for Summary Judgment**

Michael Campana was formerly confined at the United State Penitentiary in Terre Haute, Indiana (AUSP@). Relying on the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), Campana alleges that in the course of a shakedown at the USP the defendant correctional officers confiscated his property and failed to return much of that property. Some items were returned broken. Campana seeks damages.

The defendants seek resolution of Campana's claim through the entry of summary judgment, arguing that Campana failed to exhaust his administrative remedies prior to filing this action.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the defendant's motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted).

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Campana has opposed the motion for summary judgment with a 3-page written narrative statement. This statement recites Campana's dispute with the defendants' proposed facts, but unfortunately for Campana has no evidentiary significance because materials which do not comply with the standard of Rule 56(e) are disregarded. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003)("[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law."). The consequence these circumstances is that he has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Wackett v. City of Beaver Dam,* 642 F.3d 578, 582 n.1 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Additionally, Campana has not included with his response the "Statement of Material Facts in Dispute" required by Local Rule 56.1(e). The court intends to enforce the requirements of Local Rule 56.1 in this and in every case. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment, and has done so clearly. [*Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 924 (7th Cir. 1994)](the obligation set forth in Local Rule 56.1 "is not a mere formality"); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission.").

Thus, although Campana's response may elucidate the issues, but cannot serve as the basis for creating an issue of fact. *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted."); *see also National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 268 (7th Cir. 1996) (nonmovant's opposition to motion for summary judgment raised more issues and posed additional questions, but included no counter affidavits or exhibits which might have raised a genuine issue of material fact).

Consistent with the foregoing, therefore, the following statement of facts are established for the purpose of resolving the defendants' motion for summary judgment.

- $ Campana was formerly confined at the USP, a prison operated by the BOP. The defendants are each employed by the BOP and work at the USP.

- $ The BOP has an administrative remedies program.
- In general, the BOP administrative remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP–9 to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the BP-9 occurred, or within any extension permitted. 28 C.F.R. § 542.14.

- An inmate who is dissatisfied with the Warden's response to his BP–9 may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. Appeal to the General Counsel is the final administrative appeal. Response times for each level of review are set forth in 28 C.F.R. § 542.18. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

- All requests for administrative remedy are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP.

- The failure to return confiscated personal property and the return of such property in a damaged condition are within the scope of subjects which could be grieved through the BOP administrative remedies program.

- Campana was confined at the USP from July 30, 2008, through September 14, 2009. The confiscation of Campana's personal property to which reference has been made above occurred on May 5, 2009.

- From the date of the confiscation through June 16, 2011, Campana filed a single administrative remedy request concerning his personal property. This was Administrative Remedy No. ID #573762-F1. This administrative remedy request was received and receipted at the Federal Correctional Complex in Oakdale, Louisiana on January 21, 2010. The remedy was investigated and closed with an explanation on February 1, 2010. Campana did not appeal this decision to the Regional Counsel Office level by submitting a BP–10 or otherwise.

- Campana did not file or initiate a grievance concerning the confiscation of his personal property on May 9, 2009, within 20 days of that incident.

The foregoing statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Campana as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Campana admits in his response to the motion for summary judgment that he failed to timely file an administrative remedy request. He suggests in his narrative statement that his failure to time file an administrative grievance was the result of refusal by staff to supply him with necessary forms and instructions by staff that the proper step for him to take was to file a tort claim. These contentions, however, are not sufficient to create a disputed question of fact. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003)( [A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law).

The defendants have met their burden of proving that Campana "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). Thus, Campana's failure to properly exhaust available administrative remedies as to the loss of orderly position claim bars the further development of that claim in this case.

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001). The defendants have shown that there was a multi-step grievance procedure available to Campana at the USP, that his property claim was grievable, and that Campana did not both file a grievance and complete each step of the grievance process with respect to such claim.

The consequence of Campana's failure to properly exhaust his administrative remedies as to the loss of orderly position claim, in light of 42 U.S.C. § 1997e(a), is that such claim should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 ((7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment [38] is granted. Judgment consistent with this Entry shall now issue.

The status conference set for March 12, 2012, is vacated.

**IT IS SO ORDERED.**

Date: 02/15/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana